Argued April 16, 1926.
This is an appeal of the Penn Public Service Corporation from the order of the Public Service Commission refusing to grant a certificate of public convenience to the appellant evidencing its approval of the purchase by that corporation of all the capital stock of the Solar Electric Company, a public service company, engaged in the production and supply of electric energy in the Borough of Brookville and vicinity. Prior to this application the Borough of Brookville had declared its intention to acquire the plant and works of the Solar Electric Company, and an application was presented to the Public Service Commission by the Borough for a certificate of public convenience approving the acquisition of the plant and works of the said electric company. The Public Service Commission *Page 371 
refused a certificate of public convenience on the application of the Penn Public Service Corporation and granted a certificate of public convenience to the Borough of Brookville. Appeals were taken by the Penn Public Service Corporation and by the Solar Electric Company. These cases were argued together and in an opinion this day filed in the appeal of the Solar Electric Company, No. 121, April Term, 1926, all material questions presented in the present appeal were considered. As the proceeding instituted by the Penn Public Service Corporation was necessarily antagonistic to that brought forward by the Borough of Brookville, the order of the Public Service Commission in favor of the Borough was conclusive against the appellant unless the order was contrary to law or unreasonable. Under the evidence we think it cannot be seriously contended that the appellant had a legal right to a certificate of public convenience. The findings of the Public Service Commission make it clear that the project of the appellant to buy the electric company and merge it with the Penn Public Service Corporation is not advantageous to the Borough. The agreement between the electric company and the Penn Public Service Corporation called for the payment by the latter of $150,000 for the property and franchises of the electric company. This the commission found was greatly in excess of the value of the electric company; moreover the plan made necessary the erection of a power line about 22 miles long from the nearest point in the Penn Public Service Corporation's system. This it was estimated would cost $88,000 and there were estimated additional costs amounting to about $6,000. Assuming that the work could be done at this cost, the investment of the Penn Public Service Corporation would amount to nearly $250,000, a sum greatly exceeding the value of the present plant. As the presumptions are in favor of the action of the commission and the burden of proof *Page 372 
is on the appellant to show clearly the unlawfulness or unreasonableness of the order, it was incumbent on the appellant to repel the commission's findings by sufficient evidence, and this has not been accomplished. It is not sufficient to urge that it would be greatly to the advantage of the Borough to have a supply of electricity from an organization as large as the appellant. It is not a benevolent institution and is operated for the advantage of its stockholders, and evidently anticipates a profit from the proposed enlargement of its business. We regard it as a not unreasonable conclusion of the commission that the investment of $250,000 of new capital would call for a return of corresponding dividends, and it may be reasonably assumed that the cost of such dividends would fall finally on the inhabitants of the Borough and the immediate vicinity; at least there is no evidence that they would be favored in that respect. The Borough is preferred under the statutes relating to the subject in the matter of the supply of electricity, and it is under ordinary circumstances reasonable therefore that the wish of the citizens with respect thereto should be regarded. Much of the discussion in the appellant's argument is beyond the issue as disclosed in the pleadings. The subject of the capacity of the commission to dispose of the case has been considered in the appeal of the Solar Electric Company above referred to. No other question is presented which needs consideration.
The order of the Public Service Commission is therefore sustained.